# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SHAYLER,<br>    Plaintiff,<br><br>            v.<br><br>OVC PROPERTIES LLC, et al.,<br>    Defendant. | CV 21-2793 DSF (JDEx)<br><br>Order GRANTING Application for Default Judgment (Dkt. 16) |

    Plaintiff James Shayler moves for default judgment against Defendant OVC Properties LLC for violating the Americans with Disabilities Act (ADA), 42 U.S.C. 12182, and California's Unruh Civil Rights Act, Cal. Civ. Code § 51. Dkt. 16 (App.). Shayler seeks injunctive relief, $4,000 in statutory damages, $600 in attorneys' fees, and $538 in costs. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. The application is GRANTED.

## I. FACTS AND BACKGROUND

    Shayler suffers from musculoskeletal, neurological, and cardiovascular impairments and is "substantially limited in performing one or more life activities," including "walking, standing, and ambulating." Dkt. 1 (Compl.) ¶ 1. As a result of his disabilities, Shayler "relies upon mobility devices[,]" id., including a wheelchair, App. at 5. Shayler also has a Disabled Person Parking Placard. Compl. ¶ 1.

    On October 8, 2020 and October 12, 2020, Shayler visited American Health Solutions Pharmacy (the Business), located at 3463

Overland Ave., Los Angeles, CA 90034 (the Property), for the "dual purpose" of inquiring about medication and to confirm the Business's ADA compliance. Id. ¶¶ 2, 9. The Business is a facility open to the public and a place of public accommodation. Id. ¶ 4. Shayler is informed and believes that OVC owns the Property on which the Business is located. Id. ¶ 2; Dkt. 16-3 (Manning Decl.) ¶ 3; see also Dkt. 16-6 (Public Records).

When Shayler visited the Business, "there were no designated parking spaces available for persons with disabilities" that complied with the ADA. Compl. ¶ 10. Specifically, OVC's Property had barriers that included "a built up curb ramp that projects from the sidewalk and into the access aisle" and "the curb ramp is in excess of the maximum grade" in violation of the ADA Accessibility Guidelines (ADAAG) specifications. Id. ¶ 11. Shayler alleges these barriers are "easily removed without much difficulty or expense." Id. ¶ 26. On information and belief, Shayler claims "there are other violations and barriers in the site that relate to this disability." Id. ¶ 27.

Shayler asserts he "intends to return to the Business for the dual purpose of availing himself of the goods and services offered to the public and to ensure that the Business ceases evading its responsibility under federal and state law," he "personally encountered these barriers," and he is currently "deterred from patronizing the Business and its accommodations." Id. ¶¶ 18, 21.

Shayler's counsel conducted a public records search and determined OVC owned and owns the Property on which the Business is located. Manning Decl. ¶ 3; Public Records. Shayler filed this complaint on March 31, 2021. Shayler served the summons and complaint on April 20, 2021 on the person apparently authorized to accept service at OVC's agent for service of process and mailed the documents to the same address on April 23, 2021. Dkt. 8 (Proof of Service).

On May 26, 2021, Shayler requested entry of default against OVC for failure to appear or otherwise respond to Shayler's complaint.

2

Dkt. 11. On May 27, 2021, the Clerk properly entered default as to OVC. Dkt. 12. Following an order to show cause re dismissal for lack of prosecution, dkt. 15, on July 23, 2021, Shayler filed this application for default judgment, dkt. 16. Shayler served notice of the application on OVC on the same day. Manning Decl. ¶ 5.

## II. LEGAL STANDARD

Rule 55(b)(2) permits the Court to enter default judgment. The Court need not make detailed findings of fact in the event of default. Adriana Int'l Corp. v. Theoren, 913 F.2d 1406, 1414 (9th Cir. 1990). On entry of default, well pleaded allegations in the complaint regarding liability generally are deemed to be admitted. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 851 (9th Cir. 2007). Allegations as to damages, however, must be proven. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

The Court considers several factors "in exercising discretion as to the entry of a default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of the money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

## III. DISCUSSION

### A. Eitel Factors

The first Eitel factor weighs in Shayler's favor. Shayler alleges he intends to return to the Business and Property but is deterred from doing so until the barriers are removed. See Compl. ¶ 18, 21; Dkt. 16-4 (Shayler Decl.) ¶ 8-9; see also App. at 2. Shayler has no means to obtain compliance with the ADA and Unruh Act other than through this litigation. Shayler would therefore be prejudiced because he would continue to suffer discrimination on the basis of his physical disability.

The second and third <u>Eitel</u> factors also weigh in favor of granting default judgment. Shayler seeks injunctive relief under the ADA and Unruh Act, actual and statutory damages under the Unruh Act, and costs.[1] Compl., Prayer ¶¶ 1-4. To establish an ADA claim, a plaintiff must prove "(1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 730 (9th Cir. 2007).

First, Shayler alleges he is disabled within the meaning of 42 U.S.C. § 12102. Specifically, he is "substantially limited" in his ability to walk, stand, or ambulate and "often relies upon mobility devices, Compl. ¶ 1, such as a cane, rollator, or wheelchair, App. at 5; Shayler Decl. ¶¶ 2-3. Section 12102(1)-(2)(a) defines "disability" as a physical impairment that "substantially limits one or more major life activities" including walking. Therefore, Shayler is disabled within the meaning of the ADA.

Second, Shayler claims OVC owns the Property, and the Business that is located on the Property is open to the public and is a place of public accommodation. Compl. ¶¶ 2-4. Title III identifies "service establishment[s]" such as "pharmac[ies]" as places of public accommodation subject to the ADA. 42 U.S.C. § 12181(7)(F). Taking Shayler's allegations as true, he has established that OVC owns, leases, or operates a place of public accommodation.

Third, Shayler charges the lack of ADA-compliant curb ramps at OVC's Property constitutes an architectural barrier prohibited by 42

---

[1] Shayler's complaint also seeks "[a]n additional award of $4,000.00 as deterrence damages for each violation." Compl., Prayer ¶ 3 (citing <u>Johnson v. Guedoir</u>, 218 F. Supp. 3d 1096 (E.D. Cal. 2016)). However, Shayler does not address this request in his application, nor does his proposed judgment include deterrence damages. <u>See</u> Dkt. 16-7 (Proposed Judgment). To the extent Shayler seeks additional deterrence damages, that request is DENIED.

4

U.S.C. § 12182(b)(2)(A)(iv). To prevail on this theory, Shayler must establish: "(1) the existing facility at the defendant's place of business [or property] presents an architectural barrier prohibited under the ADA and (2) the removal of the barrier is readily achievable." Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1008 (C.D. Cal. 2014) (alteration in original) (citation omitted).

Shayler's allegations, supporting declarations, and documentary evidence establish the first prong. Barriers are determined by reference to the ADAAG. See Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 945 (9th Cir. 2011). Shayler alleges (1) OVC has a "built up curb ramp that projects from the sidewalk and into the access aisle" in violation of ADAAG § 406.5, and (2) the curb ramp is in excess of the maximum grade allowed under ADAAG §§ 406.1, 502.4. Compl. ¶ 11; Shayler Decl. ¶¶ 6-7; Dkt. 16-5 (Photographs); see ADAAG §§ 406.5 ("Curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles. Curb ramps at marked crossings shall be wholly contained within the markings, excluding any flared sides"); 406.1 ("Curb ramps on accessible routes shall comply with 406, 405.2 through 405.5, and 405.10")[2]; 502.4 ("Parking spaces and access aisles serving them shall comply with 302. Access aisles shall be at the same level as the parking spaces they serve. Changes in level are not permitted.").[3]

---

[2] Though Shayler fails to direct the Court to § 405.2 specifically, the Court assumes for purposes of this application that § 405.2 is the relevant provision addressing the maximum permissible grade. See § 405.2 ("Ramp runs shall have a running slope not steeper than 1:12.").

[3] The complaint also alleges "there were no designated parking spaces available for persons with disabilities that complied with the [ADAAG]." Compl. ¶ 10. However, it appears from the complaint and Shayler's declaration that what made the parking spaces non-compliant was the non-compliant curb ramp. See Compl. ¶ 11; Shayler Decl. ¶¶ 6-7; Photographs at 1-2. To the extent Shayler attempts to assert a separate ADA violation for OVC's lack of designated parking spaces, he has not established the merits of this claim.

For the second prong, Shayler's application asserts that "[w]hether or not the removal of these barriers is 'readily achievable' is an affirmative defense that is waived unless raised." App. at 6 (citing Wilson v. Haria and Gogri Corp., 479 F.Supp.2d 1127, 1133, n.7 (E.D. Cal. 2007) (stating if a defendant "has failed to plead that barrier removal is not readily achievable in its answer . . . the defense is waived," and, in those circumstances, the plaintiff need "not come forward with any evidence regarding barrier removal")).[4]

The Ninth Circuit has squarely rejected this proposition and held that "plaintiffs have the initial burden . . . of plausibly showing that the cost of removing an architectural barrier does not exceed the benefits under the particular circumstances." Lopez v. Catalina Channel Express, Inc., 974 F.3d 1030, 1035 (9th Cir. 2020). Only then does the burden shift to defendant "to negate that showing and prove that the removal is not readily achievable." Id. at 1036. Although Lopez was decided at the summary judgment stage, courts in this circuit have applied the same framework where plaintiffs seek default judgment. See, e.g., George Jones v. Shoyebul Islam, et al., No. 2:20-cv-11038-JLS-JPR, 2021 WL 3472860 (C.D. Cal. July 7, 2021); Johnson v. Cortese, No. 5:19-cv-02671-EJD, 2020 WL 7495164 at *14 (N.D. Cal. 2020). The Court agrees.

Although Shayler's application erroneously asserts he need not establish this element, his complaint, and the other materials submitted in support of default judgment, adequately establish the removal of the barriers is readily achievable. Specifically, Shayler alleges OVC could remove the barriers "without much difficulty or expense, removal is in fact readily achievable, and in any event, alternative accommodations could be made if complete removal were not achievable." Compl. ¶ 26. Accepting these allegations as true, the Court finds Shayler has plausibly alleged removal would be readily

---

[4] The footnote cited by Shayler notes that the Ninth Circuit had not yet ruled on the issue. It is incumbent on counsel to keep apprised of the state of the law.

6

achievable. Shayler's allegations are sufficient to satisfy the third element of a Title III discrimination claim, and he has stated a cause of action under the ADA.[5]

The remaining Eitel factors also weigh in favor of granting default judgment. Shayler seeks $4,000 in statutory damages. Based on Shayler's factual allegations, the documentary evidence provided, and OVC's failure to defend, the possibility of a dispute concerning material facts is slight. The record indicates OVC was properly served with the summons and complaint and this application for default judgment. See Proof of Service; Manning Decl. ¶ 5. The risk of excusable neglect is minimal. The policy favoring decisions on the merits does not weigh against entry of default judgment because OVC has failed to respond to Shayler's complaint, making a decision on the merits impossible.

Shayler is entitled to injunctive relief under the ADA and Unruh Act. OVC is ORDERED to remove all barriers identified in Shayler's complaint, to provide an accessible path of travel to the entrance of the property by removing or repairing the curb ramp projecting from the sidewalk into the access aisle, and to lower the angle of the curb ramp to comply with ADA Standards at the Business.

**B.      Damages, Attorneys' Fees, and Costs**

Shayler requests $4,000 in statutory damages under the Unruh Act. Compl., Prayer ¶ 2; see Cal. Civ. Code § 52(a) (any person who "makes any discrimination or distinction contrary to [the Act] is liable

---

[5] Because the complaint properly pleads an ADA claim, Shayler also has properly pleaded his Unruh Act claim. See Cal. Civ. Code § 51(f) ("A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 shall also constitute a violation of this section." (citation omitted)); Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("[A] violation of the ADA is, *per se*, a violation of the Unruh Act.").

for each and every offense for the actual damages . . . up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000) . . . ."). A plaintiff can recover damages by demonstrating that "violations of applicable California disability standards deterred him . . . on a particular occasion from attempting to enter a place of public accommodation." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000). Here, Shayler has adequately pleaded that OVC failed to provide compliant curb ramps in October 2020 when Shayler visited the Business. The Court GRANTS Shayler's request for $4,000 in statutory damages under the Unruh Act.

Having prevailed on the merits, Shayler is entitled to reasonable attorneys' fees and costs. Shayler seeks fees of $600 pursuant to Local Rule 55-3, and costs of $538. Manning Decl. ¶¶ 7-8; Proposed Judgment. The Court concludes Shayler is entitled to recover the requested attorneys' fees and costs should be awarded pursuant to a bill of costs.

## IV. CONCLUSION

Shayler's application for default judgment is GRANTED. Shayler is awarded $4,000 in statutory damages and $600 in attorneys' fees.

IT IS SO ORDERED.

Date: August 20, 2021

Dale S. Fischer
United States District Judge